Case: 3:23-cv-00131-MJN-PBS Doc #: 3 Filed: 05/15/23 Page: 1 of 8 PAGEID #: 23

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, April 12, 2023 11:05:54 AM
CASE NUMBER: 2023 CV 01790 Docket ID: 776539689
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

**COURT OF COMMON PLEAS**
**CIVIL DIVISION**
**MONTGOMERY COUNTY, OHIO**

| | |
|---|---|
| **HATS OFF INVESTMENT GROUP, LLC**<br>**35 SOUTH ST. CLAIR STREET, SUITE 526**<br>**DAYTON, OHIO 45402**<br><br>    **Plaintiff,**<br><br>**-vs.-**<br><br>**STATE AUTOMOBILE MUTUAL**<br>**INSURANCE COMPANY**<br>**c/o KIM GARLAND, PRESIDENT & CEO**<br>**518 EAST BROAD STREET**<br>**COLUMBUS, OHIO  43215**<br><br>    **Defendant.** | Case No: _____<br><br><br><br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

**NOW COMES Plaintiff, Hats Off Investment Group, LLC,** by and through undersigned counsel, and states its Complaint against the named Defendant, as follows:

**I. The Parties**

**1.** Plaintiff, Hats Off Investment Group, LLC, is a domestic limited liability company and has its principal place of business located at 35 South St. Clair Street, Suite 526, in Dayton, Montgomery County, Ohio 45402 and has been so located at all relevant times herein. Plaintiff, Hats Off Investment Group, LLC is the owner of two parcels of commercial real estate: (1) 101 St. Clair Street, in Dayton, Montgomery County, Ohio 45402 and (2) 118 4th Street East, in Dayton, Montgomery County, Ohio 45402.

**2.** This case arises, *inter alia,* from the failure of the Defendant, State Automobile Mutual Insurance Company, to timely indemnify Plaintiff, Hats Off Investment Group, LLC for a

covered property loss; involving, *inter alia.,* vandalism and water damage at **101 St. Clair Street, in Dayton, Montgomery County, Ohio 45402, ["the subject property"].**

3. Defendant, State Automobile Mutual Insurance Company ["State Auto"] is a domestic insurance company, which had issued a commercial property insurance policy contract to the Plaintiff, Hats Off Investment Group, LLC, which was, in full force and effect, at the time of the subject property loss. Defendant, State Auto, conducts substantial business within Montgomery County, Ohio.

## II. Jurisdiction and Venue

4. Jurisdiction is properly invoked in the Montgomery County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance contract, and for bad faith, arising from a covered loss and for remediation and restoration services, in which the subject property is located in Montgomery County, Ohio. The contractual statute of limitations provided for in the subject State Auto commercial policy requires compliance with the terms of the "Coverage Part" of the policy and is two (2) years after the date on which "date on which direct physical loss or damage occurred."

5. Venue is proper in Montgomery County, Ohio, as the subject property is in Montgomery County, the material events of the subject property loss occurred in Montgomery County and the Defendant, State Auto conducts substantial business within Montgomery County, Ohio.

## III. Statement of Facts

6. The subject property, located 101 St. Clair Street, in Dayton, Montgomery County, Ohio 45402, was (and still is) owned by the Plaintiff.

**7.** On or about **October 17, 2021,** Plaintiff, Hats Off Investment Group, LLC suffered a substantial covered loss to the subject property, involving vandalism and water damage. The subject property was not "vacant" or "unoccupied" as those terms are used in the applicable State Auto commercial property policy.

**8.** Plaintiff promptly notified Defendant of the occurrence on or about **October 17, 2021,** and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject State Auto commercial insurance policy, which was, in full force and effect, on the date of the subject loss.

**9.** Plaintiff duly reported the loss and fully cooperated with the Defendant following the subject loss.  Defendant failed to conduct a reasonable investigation of the loss.

**10.** As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or contents and/or loss of use and/or additional damages at the subject property.

**11.** Defendant wrongfully denied the claim and/or processed the claim in bad faith, and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for a covered loss.

**12.** Plaintiff placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for its property losses, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

**13.** Plaintiff, Hats Off Investment Group, LLC, restates and re-alleges each and every allegation contained in Paragraphs One through Twelve (1-12), with the same force and effect, as if fully rewritten herein.

**14.** Plaintiff placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the subject wind/hail storm loss and to adequately indemnify Plaintiff for the subject loss.

**15.** Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out its duties under the subject insurance policy.

**16.** Defendant, State Auto, breached its duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

    (a) failing to promptly and reasonably adjust and pay the Plaintiff's claim;

    (b) failing to establish a reasonable justification for the denial of the Plaintiff's claim;

    (c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

    (d) failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claim from its inception;

    (e) failing to properly analyze the cause of the loss and/or the applicable coverage;

    (f) failing to properly review the analysis contained in any reports related to the loss in its possession;

    (g) failing to properly review the available evidence related to the loss;

    (h) failing to perform a good faith analysis of the loss;

(i) failing to prepare a good faith estimate of damages caused by the loss;

(j) refusing Plaintiff's reasonable requests for information;

(k) failing to indemnify the Plaintiff for the subject losses and damages within a reasonable period of time;

(l) failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject structure, as provided for in the subject policy of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

**18.** As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendant, State Auto, Plaintiff, Hats Off Investment Group, LLC, has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**19.** To the extent the conduct of the Defendant, State Auto, is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of

the Plaintiff, then the Plaintiff, Hats Off Investment Group, LLC, is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### COUNT II: BAD FAITH

**20.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Nineteen (1-19), with the same force and effect, as if fully rewritten herein.

**21.** As an insurer, Defendant, State Auto, its management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**22.** Defendant, State Auto's, wrongful failure to promptly and reasonably adjust the subject loss claim, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured, Plaintiff.

**23.** As a direct and proximate result of Defendant, State Auto's, bad faith conduct, Plaintiff, Hats Off Investment Group, LLC, has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**24.** The conduct of the Defendant, State Auto, has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff, Hats Off Investment Group, LLC, is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, Hats Off Investment Group, LLC, by and through counsel, demands the following relief:

A. Judgment against Defendant, **State Automobile Mutual Insurance Company,** for the full value of all losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

B. Judgment against Defendant, **State Automobile Mutual Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

C. An award of reasonable attorney's fees and costs incurred in the prosecution of their action;

D. An award of pre-judgment interest; and

E. Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Blake R. Maislin, Esq.*_____
Blake R. Maislin, Esq. [0068413]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Trial Attorneys for Plaintiff,
Hats Off Investment Group, LLC
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 101, 121
(513) 721-5557 (FAX)
E-mail: blake@maislinlaw.com
E-mail: mlind@maislinlaw.com

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

>*/s/ Blake R. Maislin, Esq.*_____
>Blake R. Maislin, Esq.  [0068413]
>Michael C. Lind [Atty. Reg. #: 102736] [PPA]
>Trial Attorneys for Plaintiff
>Hats Off Investment Group, LLC
>Law Offices of Blake R. Maislin, LLC
>Maislin Professional Center
>2260 Francis Lane
>Cincinnati, Ohio 45206
>(513) 444-4444 Ext. 101, 121
>(513) 721-5557 (FAX)
>E-mail: blake@maislinlaw.com
>E-mail: mlind@maislinlaw.com

**INSTRUCTIONS TO THE CLERK**

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested.  Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

>*/s/ Blake R. Maislin, Esq.*_____
>Blake R. Maislin, Esq.  [0068413]
>Michael C. Lind [Atty. Reg. #: 102736] [PPA]
>Trial Attorneys for Plaintiff
>Hats Off Investment Group, LLC
>Law Offices of Blake R. Maislin, LLC
>Maislin Professional Center
>2260 Francis Lane
>Cincinnati, Ohio 45206
>(513) 444-4444 Ext. 101, 121
>(513) 721-5557 (FAX)
>E-mail: blake@maislinlaw.com
>E-mail: mlind@maislinlaw.com